UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61076-BB

FRID MOISE,

    Plaintiff,

v.

R. MARTINEZ TRANSPORT, CORP., et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Notice of Joint Liability.  *See* ECF No. [18].  On May 13, 2018, Plaintiff filed his Complaint against Defendants R. Martinez Transport, Corp., Ramon Martinez, and Barbara Martinez, bringing forth one claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  *See* ECF No. [1].  In the Complaint, Plaintiff alleges that he is entitled to unpaid minimum wages, unpaid overtime wages, and liquidated damages under the FLSA.  *See Id.*  Plaintiff attached a "Statement of Claim" to his Complaint, providing a preliminary calculation of his damages incurred during his employment with Defendants.  *See* ECF No. [1–3].  On July 16, 2018, the Clerk entered default as to all Defendants.  *See* ECF No. [13].

Under Federal Rule of Civil Procedure 55, the Court is authorized to enter a final default judgment against a party who has failed to plead in response to a complaint.  *See* Fed. R. Civ. P. 55(b)(2).  "The entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (citations omitted).  The entry of default, moreover, constitutes an admission by Defendants of the well-pleaded allegations of the

Complaint. *See Cancienne v. Drain Master of S. Fla., Inc.*, No. 08-61123-CIV, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008) ("The well-pleaded allegations made in Plaintiff's Complaint . . . are deemed admitted by [the defendant] by virtue of the default entered against it.") (*citing Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005)).

The Court, having considered the record and being otherwise fully advised, determines that there is a sufficient basis in the pleading for a judgment to be entered in Plaintiff's favor. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Specifically, Plaintiff has alleged that Defendant R. Martinez Transport, Corp., is a company that transports heavy equipment which grossed over $500,000 and is engaged in interstate commerce. *See* ECF No. [1]. He has also alleged that Defendants Ramon Martinez and Barbara Martinez were his managers during his employment, and that Defendants willfully failed to pay Plaintiff his full and proper minimum and overtime wages while he worked for Defendants as a truck driver. *See Id*.

"The plaintiff has the burden of proving the amount of damages to be awarded." *Isaula v. Chicago Rest. Grp., LLC*, No. 13-CV-24387-JLK, 2014 WL 3477917, at *2 (S.D. Fla. July 11, 2014). When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F.Supp. 436, 450 (M.D. Fla. 1988) (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's prima facie case, the "court may award approximate damages based on the employee's evidence." *Id*.

Case No. 18-cv-61076-BB

In his Statement of Claim, Plaintiff states that he is owed total unpaid minimum wages of $290 and total unpaid overtime wages of $271.88 for the period of March 13–16, 2018.  *See* ECF No. [1–3].   And because an employer is liable for the amount owed under the FLSA as well as "an additional equal amount as liquidated damages" when violating the FLSA, 29 U.S.C. § 216(b), Plaintiff states that he is owed $561.88 of total liquidated damages for a total of $1,123,75.  *See* ECF No. [1–3].

The Court concludes that Plaintiff's Statement of Claim is sufficient evidence to show the amount and extent of work for which Plaintiff was improperly compensated.[1]  Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff is entitled to a total of $1,123,75 in damages for unpaid minimum wages, overtime wages, and liquidated damages.  The Court will enter a final default judgment by way of a separate order.

**DONE AND ORDERED** in Miami, Florida, this 15th day of August, 2018.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

---

[1] A hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *See* Fed. R. Civ. P. 55(b)(2).